IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02247-WJM-KLM

DEREK SPEIGHT,

      Plaintiff,

v.

FERRELL & SELDING, attorney at law,
THOMAS FERRELL, individually,
BARRY SELDIN, individually, and
CAPITAL ONE BANK N.A.,

      Defendants.
_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court pursuant to the **Order to Show Cause** issued on October 25, 2011.  Docket No. 4.  The Court ordered Plaintiff to show cause why it "should not recommend that this lawsuit be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b)."  [#4] at 1.  Plaintiff was directed to either (1) file proof of service on Defendants, or (2) respond in writing with an explanation of good cause for his failure to properly serve Defendants within the deadline established by District Judge William J. Martínez. *Id.* at 1-2.  To date, Plaintiff has neither filed a response to the Order to Show Cause nor requested an extension of time to do so.  Further, there is no indication on the docket that Plaintiff has effected service on Defendants.  Plaintiff has not contacted the Court in any manner.

Plaintiff initiated this lawsuit *pro se* on August 26, 2011.  Docket No. 1.  On August 30, 2011, Judge Martínez instructed Plaintiff to effect service of the summons and

complaint on Defendants pursuant to Fed. R. Civ. P. 4 within thirty days, setting the deadline for service as September 29, 2011.  Docket No. 2.  To date, there is no indication on the docket as to whether service was timely effected, and no Defendant has made an appearance through counsel or otherwise.

The Court notes that the time for service pursuant to Fed. R. Civ. P. 4(m) does not expire until December 26, 2011, as Plaintiff filed his Complaint on August 26, 2011 [#1].  However, Plaintiff's failure to comply with the District Judge's Order to complete service interferes with the Court's setting of a Scheduling Conference.  Moreover, the Court warned Plaintiff that his failure to comply with the obligations imposed by the Order to Show Cause would "result in this Court issuing a recommendation that this case be dismissed without prejudice."  [#4] at 2.  Plaintiff has had ample notice and time in which to facilitate service on Defendants, yet he has failed to do so.  Moreover, Plaintiff has blatantly disregarded the District Judge's Order to complete service, as well as the undersigned's Order to Show Cause.[1]  At this stage of the proceeding, it is clear to the Court that Plaintiff has no intention of completing service as ordered, or has any interest in prosecuting this lawsuit whatsoever.  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#4] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 4(m) and 41(b).[2]

---

[1]  No mail has been returned to the Court as undeliverable, thus the Court presumes that Plaintiff has received all mailings.

[2]  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 15, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

Practice and Procedure  § 2369, at 576-77 & n.1 (3d ed. 2008).

The Court recommends this case be dismissed without prejudice.  Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases such as this case. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").